**POOLE et al. v. RUTHERFORD et al.**

No. 14708.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 5, 1945.

Rehearing Denied Nov. 9, 1945.

Sam B. Spence and J. Walter Friberg, both of Wichita Falls, for appellants.

Marshall & King and Fred T. Arnold, all of Graham, for appellees.

BROWN, Justice.

J. J. Grubbs died intestate in Young County in December, 1944, leaving an estate valued at about $20,000. Surviving him as his next of kin are two daughters, Mrs. Louetta Poole and Mrs. Ethel Rutherford. Neither of these daughters applied for letters of administration and a creditor of the estate made application for one Obie Dodd (unrelated in any degree to the deceased) to be so appointed, and the probate court granted the application and Dodd qualified.

The record discloses that Mrs. Rutherford not only acquiesced in these proceedings, but encouraged them.

When the administrator filed the customary Inventory and Appraisement it showed that C. R. Rutherford, husband of Mrs. Ethel Rutherford, had filed a claim against the estate in the sum of $1460 for "room, board and washing for two years immediately prior to," the death of Mr. Grubbs, and that Mrs. Rutherford had filed a claim against the estate which reads as follows: "20 mo. at 24 hours per day, $12.00 per day," aggregating $7200. This claim is evidently one for nursing Mr. Grubbs and looking after his wants.

It is thus seen that the claims filed by Mr. and Mrs. Rutherford amount to more than a third and almost one-half of the appraised value of the estate.

Immediately after the Inventory and Appraisement was filed and approved, Mrs. Poole filed a petition in the said probate court praying for an order setting aside the prior order of the court appointing Dodd, removing Dodd, and praying that she be appointed administratrix of the estate, she being the next of kin qualified to so act.

In the petition she alleged that she was interested in the estate and that the deceased "left surviving him as his only heirs at law your applicant and Mrs. Ethel Rutherford." She also alleged that Mrs. Rutherford is not a person who is qualified to act as such administratrix because she and her husband had filed large and exorbitant claims against the estate, and that Mrs. Rutherford had waived her right to be so appointed.

Bear in mind that Mrs. Rutherford had made no effort to be appointed administratrix, but had joined the administrator, Dodd, in a pleading contesting Mrs. Poole's petition and application. The probate court made its final order denying Mrs. Poole all

relief prayed for, and she and her husband appealed to the district court.

When the cause reached the district court and administrator Dodd had answered the petition of Mr. and Mrs. Poole, Mrs. Rutherford and her husband filed a petition in intervention, in which she alleged that "she is unable to agree with her sister, Louetta Poole, with reference to the payment of the said claims (made against the estate) etc., and that it is therefore necessary for the appointment of an administrator, and that this applicant is acquainted with the affairs of the estate of J. J. Grubbs, deceased, and that he lived at her house for many years prior to his death, and that she, joined by her husband, attended to the affairs of J. J. Grubbs, and that she is in no respects disqualified to act as administratrix."

She concludes her pleading with the allegation "that in the spirit of fairness and cooperation she is agreeable to the continuation of the services of Obie Dodd as administrator, but that if for any reason in law or in fact that his appointment is set aside * * * then this applicant prays the court that she be appointed and allowed to qualify as administratrix."

Tried to the court, judgment was rendered removing Dodd and appointing Mrs. Poole and Mrs. Rutherford as joint administratrices. Mrs. Poole, joined by her husband, appeals.

■ Appellants' contention that Mrs. Rutherford has waived her right to be appointed administratrix appears to us to be well taken.

Reviewing the situation presented by the record, it appears that Mrs. Rutherford appeared as a witness in the probate court, when the application of Dodd was filed in such court requesting that he be appointed administrator, and she gave the following testimony, as these questions were propounded to her.

"Q. You and your husband agreed that Mr. Dodd should be appointed, did you not? A. Yes, sir.

"Q. And you requested your attorneys, Mr. Marshall and Mr. King and Mr. Fred Arnold to have Mr. Dodd appointed in lieu of yourself, is that correct? A. I thought that was best.

"Q. You didn't at that time want to be appointed administratrix of that estate, did you? A. I have never wanted to be, no, sir.

"Q. You don't want to be at this time? A. I haven't wanted to be, no, sir.

"Q. And therefore, as far as you are concerned, you would prefer that someone else other than yourself be appointed administratrix or administrator of that estate. Is that correct? A. Yes, sir.

"Q. Hence you waive your right to be appointed yourself? A. Yes, sir."

Subsequently, when Mrs. Poole filed her petition in the probate court requesting the removal of Dodd and further that she be appointed as administratrix, the record discloses that Mrs. Rutherford joined Dodd in vigorously contesting Dodd's removal and Mrs. Poole's appointment, and the probate court rendered judgment for Dodd and Mrs. Rutherford, and denied Mrs. Poole's petition in toto.

Then, when Mrs. Poole appealed from such judgment to the district court, we find Mrs. Rutherford, with permission of the district court, filing a pleading in such court which is not only an unconditional petition and prayer that she be appointed administratrix or co-administratrix with her sister, but, on the other hand, her pleading affirmatively dicloses that she prays the court to continue Dodd as the administrator, but that, if for any reason in law or in fact. Dodd's appointment be set aside, then she prays that she be appointed.

It thus appears that the only unconditional request for setting aside the order appointing Dodd, and for the appointment of one who is preferred under the Statute, is found in the pleading filed by Mrs. Poole.

The case of Bogel et al. v. White, Tex. Civ.App., 168 S.W.2d 309 (writ refused for want of merit), a recent case, is more nearly in point than any we have found. See also cases cited in the opinion.

In that case mere acquiescence, on the part of one qualified under the Statute to act as administrator, for several months, after the appointment of one who did not enjoy such preference, was held to show a waiver of such right.

In the instant suit there is an affirmative waiver on the part of Mrs. Rutherford, and we hold that the facts show as a matter of law that she has waived her rights, and the finding and judgment of the district court that she has not waived, is not only without support in the evidence, but is contrary thereto.

Under the very terms of Article 3359, Mrs. Rutherford waived her right of appointment, and we hold that she could not thereafter remove Dodd except for cause. This she made no effort to do.

Under Article 3360, R.C.S., Mrs. Poole, not having waived her right to be appointed, was authorized to file the petition that was filed by her, asking the removal of Dodd, and that she be appointed.

The question discussed is the controlling one in the case before us, and we see no necessity for a discussion of other points raised.

For the reasons stated, the judgment of the district court, in so far as it purports to appoint Mrs. Rutherford as one of the administratrices of the Estate of J. J. Grubbs, deceased, is reversed and judgment is here rendered denying Mrs. Rutherford the right to such appointment; in all other respects the judgment is affirmed.